*179 The opinion of the court was delivered by
Valentine, J.:
Only' one question is presented to us for our- consideration, by the briefs of counsel. That question is, whether the facts proved, as shown by the bill of exceptions allowed in the justice’s court, constitute any cause of action in favor of Tegart, the plaintiff below. From an inspection of the, record we should think that other questions might have been raised, but as they ryere not raised we shall not consider them, but pass at once to the consideration of the question which counsel seem to unite in asking us to decide. All the evidence introduced on the trial in the justice’s court is contained in said bill of exceptions. There was no conflict in said evidence, except as to the value of the services of the plaintiff, (defendant in error;) and with'regard to said services, we shall consider them worth just what the justice found them to be worth, to-wit, $129.50, although for the purposes of the case it is immaterial what we may consider them to be worth. Said bill of exceptions shows the following facts: Both the parties to this suit are and were physicians. The wife of the defendant abandoned him, and went to live with her daughter. Why she abandoned the defendant is not shown, but she left him against his will and wishes. While residing with her daughter the plaintiff attended on her as a physician. Whether she was sick or not, or whether she needed any medicine or medical aid, is not shown. The defendant was all the time ready and willing to furnish her, at his own house, which was well furnished and in good condition, with everything she needed — medical aid as well as other things. Whether the wife had any separate estate of her own, or to whom the plaintiff originally gave the credit, is not shown. Upon this state of facts is the defendant liable?
We suppose a mutual legal as well as moral obligation rests upon every husband and wife to furnish each other, so far as it is within their power, everything necessary for their mutual comfort and enjoyment. It is certainly the legal as well as moral duty of every husband to see that his wife is furnished, *180 or has the means of furnishing herself, with everything necessary and suitable for a person in their station and condition. For this reason, it is always conclusively presumed that a wife who lives and cohabits with her husband has an agency from him, and upon his credit, to procure everything that is necessary for herself or family, unless the person from whom she seeks to obtain such necessaries has actual notice that she has no such agency in fact; and in such a case it is presumed prima facie that what she procures are necessaries. For the same reason, when a husband fails or refuses to furnish necessaries for his wife, or to see that she has the means to furnish them for herself, the law conclusively presumes that she has an agency from her husband, and upon his credit to obtain necessaries, although the person from whom she seeks to obtain them knows that in fact she has no such agency; but in this case there is no presumption, prima facie or otherwise, that what she obtains are necessaries. The same rules apply, where a wife has separated from her husband for a justifiable cause, as where she lives and cohabits with him, except, that where she has separated from him the entire burden of proof rests upon the party furnishing the supposed necessaries. In such a case the party furnishing the necessaries, and who wishes to make the husband liable therefor, must show, first, that he furnished the necessaries; second, that they were necessaries; third, that her husband failed or refused to furnish them, or to furnish means whereby she could procure them, and that she had no sufficient means of her own whereby to procure them; fourth, that the separation was for a justifiable cause on her part; fifth, and generally that he gave the cr.edit originally to the husband. We suppose where a person has been dealing with a family before the separation between the husband and wife, he is not bound to take notice immediately of the separation, but may trust the wife as usual upon the husband’s credit until he receives actual notice of the separation. But no such rule applies where such person has never before had dealings with the family. In such a case he must take notice of the separation as soon as it occurs. McCutchen *181 v. McGahey, 11 Johns., 281; Sturtevant v. Slavin, 19 Wis., 268; Carey v. Patton, 2 Ashmead, (Penn.,)140; Porter v. Babb, 25 Mo., 36; Rees v. Chilton, 26 Mo., 598. For the purposes of this case we shall assume that everything necessary to enable the plaintiff to recover was proved, except that the wife abandoned her husband for a justifiable cause. And then the only questions necessary for us to decide, and the only questions which we wish to be understood as deciding,' are the following: First, Is it necessary that the' wife should' have abandoned her husband for a justifiable cause, in order to enable the plaintiff to recover? Second, Upon whom does the burden of proof rest? must the plaintiff show that the cause of separation was sufficient, or must the defendant show that it was insufficient?
First: The proposition, that when a wife abandons her husband without just cause, and refuses to longer live or cohabit with him, she loses all right to maintenance from him while such abandonment continues, seems to be too clear and too reasonable to require argument or citation of authority. It is not the policy of the law to encourage separation between husband and wife. It is not the policy of the law to encourage willful breaches of the marriage vows and duties, and to weaken the wholesome influence which keeps those together who have solemnly pledged themselves to live together. And it never was the policy of the law to cast burdens -upon individuals without some corresponding benefits. It would Shock human nature to say, that a husband who has done no wrong should support a wife without having a benefit of her company or society. And when a husband furnishes a good home, as in this case, he is bound only to support her there, and is not bound to support her at the house of some other person, who possibly may be encouraging the separation. Supervisors of Monroe v. Budlong, 51 Barb., 493. See also, Collins v. Mitchell, 5 Harrington, (Del.,) 369; Pool v. Everton, 5 Jones’ (N. C.) Law, 241; Brown v. Patton, 3 Humph., (Tenn.,) 135; Carey v. Patton, supra; Plea, v. Durkee, 25 Ill., 503; Sturtevant v. Slavin, supra; McCutchen *182 v. McGahey, supra; Blowers v. Sturtevant, 4 Denio, 46; Brown v. Midgett, 40 Vt., 68.
Second: We think it is equally clear that the burden of proof in a case like this is upon the plaintiff. He holds the affirmative of the issue; and one of the points in issue is, whether the wife left her husband for a just cause. That the burden of proof is upon the plaintiff, in cases like this, see the cases hereinbefore cited from 25 Ill., 503; 4 Denio, 46; 25 Mo., 36; 26 Mo., 598; 2 Ashmead, 140; 5 Jones Law, 241; and Mitchell v. Treanor, 11 Geo., 324; Billings v. Pilcher, 7 B. Mon., 458; Gill v. Read, 5 R. I., 343; Walker v. Simpson, 7 Watts & Serg., 83; Cartright v. Bates, 1 Allen, 516; Keller v. Phillips, 40 Barb., 390; Schouler on Domestic Relations, 93, note 5.
The judgment of the court below is reversed, and cause remanded, with the order that the judgment of the justice of the peace be reversed, and a new trial granted.
All the Justices concurring.