ALFRARETTA S. STEVENS, Plaintiff, *v.* GEORGE H. STEVENS, Defendant.

Supreme Court, Dutchess County, February 14, 1925.

**Husband and wife — alimony and counsel fees — plaintiff entitled to judgment for separation where defendant admits abandonment — alimony and counsel fees should be awarded plaintiff though she has property in her own right.**

Plaintiff is entitled to a judgment for separation where defendant admits abandonment of plaintiff without proper cause and does not defend her action.

Though plaintiff has property in her own right, she should be awarded alimony and counsel fees, since defendant is not relieved of his legal obligation to contribute toward her support, particularly where, after paying the taxes and other expenses of maintaining her real estate in a suitable condition for her use, there will be little left for her ordinary living expenses.

APPLICATION for alimony and counsel fees in separation action in which plaintiff is entitled to judgment of separation.

*Aldrich, Morschauser & Haas*, for the plaintiff.

*Graham Witschief*, for the defendant.

**452**                STEVENS *v.* STEVENS.

TOMPKINS, J.:

The defendant admits his abandonment of the plaintiff without good cause in law, and does not defend this action or contest the plaintiff's right to a separation decree and the questions of alimony and counsel fee are the only matters in issue. It follows as a matter of law, from the fact that plaintiff is entitled to a judgment of separation, that the defendant must make reasonable provision for her support, notwithstanding the fact that plaintiff has property of her own. The decisions cited by defendant's counsel were on motions for temporary alimony and counsel fees pending the trial of the actions. A final judgment in a wife's favor, because of the misconduct of the husband, does not relieve him of his legal obligation to contribute toward the support of his wife, even though she may have enough property and money to support herself for a while. Plaintiff's possessions consist of the real property upon which she resides, the taxes, repairs, insurance and upkeep of which she must pay. Her money and personal property are not enough to produce an income sufficient for her support. Indeed, after paying the taxes and other expense of maintaining the real estate and keeping it in repair and suitable condition for her use, there will be little, if anything, left for the plaintiff's ordinary living expenses. A large part of her personal property was earned by her own industry and work outside of her home, while she and the defendant were living together, the plaintiff, at the same time, taking care of their home and doing the household work. Besides, she very materially aided her husband in his various enterprises and contributed much to his business success. In view of these facts it would be inequitable to require the plaintiff to spend her principal for her support and relieve the defendant of the obligation that rests upon him to make reasonable provision therefor. The defendant is worth approximately $90,000 and is engaged in a profitable business with an annual income of $8,000 or $9,000 and with no one dependent upon him for support except the plaintiff.

Defendant should pay $50 per week from the date of the commencement of this action for the support of the plaintiff and a counsel fee of $350, together with the taxable costs and disbursements of this action.