LANYON'S DETECTIVE AGENCY, INC., Respondent, *v.* JOHN
COCHRANE et al., Appellants.

**Husband and wife — husband not liable for services rendered
wife in action by her for absolute divorce but necessary legal fees
and expenses incurred in action for separation may be recovered
— husband not liable for services of detective employed by
attorney of wife in action for separation where charge could
have been proved without aid of detectives.**

1. An attorney cannot maintain an action against a husband for
services rendered the wife in an action brought by her for absolute
divorce, but legal fees and expenses of an action for separation can
be recovered, in an action against the husband, where they were
necessarily incurred to protect the interests of the wife.

2. An action by a detective agency to recover from a husband for
detective services in shadowing him, upon employment of his wife's
attorney in an action by her for a separation, cannot be successfully
maintained where although it is alleged that such services, in dis-
covering the husband's infidelity, were necessary to enable the wife
to successfully maintain her action for separation, an examination
of the evidence discloses that trial of the separation action resulted
in a judgment, taken by agreement, upon a charge of abandonment
and that the abandonment could have been proved without the aid
of detectives. Services of detectives to unearth information as to
infidelities of the husband are not a necessity for which he will be
presumed to have pledged his credit.

*Lanyon's Detective Agency* v. *Cochrane*, 210 App. Div. 590, reversed.

(Submitted April 10, 1925; decided June 2, 1925.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered November 25, 1924, which affirmed
a determination of the Appellate Term affirming a judg-
ment of the City Court of the City of New York in favor
of plaintiff entered upon a verdict.

*Harold· N. Whitehouse* and *Maurice W. Clarke* for
appellants. The detective services rendered by plaintiff,
respondent, were not necessaries furnished to the wife

of defendant, appellant, John Cochrane. (*Hoffman* v. *Hoffman*, 232 N. Y. 215; *Naumer* v. *Gray*, 28 App. Div. 529; *Raynes* v. *Bennett*, 114 Mass. 424; *Wilder* v. *Brokaw*, 141 App. Div. 811.) The services of the plaintiff not having been rendered upon the credit of the defendant John Cochrane, he cannot be held liable therefor. (*Wickstrom* v. *Peck*, 179 App. Div. 855; *Wanamaker* v. *Weaver*, 176 N. Y. 75; Schouler on Dom. Rel. [5th ed.] § 64; *Wilder* v. *Brokaw*, 141 App. Div. 811; *Ehrich* v. *Bucki*, 7 Misc. Rep. 118; *Byrnes* v. *Rayner*, 84 Hun, 190; *Ellenbogen* v. *Slocum*, 66 Misc. Rep. 611.)

*Abraham Wilson* and *Ralph K. Jacobs* for respondent. The conduct of the defendant John Cochrane was such that the jury were justified in finding that the services were " necessaries." (*Merritt* v. *Seaman*, 6 N. Y. 168; *Folles* v. *Wood*, 16 Abb. [N. C.] 19; 1 Bishop on Mar. & Div. 433, § 551; Bishop on Married Women, § 403; Clark on Contracts, 715; *Langbein* v. *Schneider*, 27 Abb. Pr. [N. S.] 227; *Naumer* v. *Gray*, 41 App. Div. 361; *Browne* v. *West*, 143 App. Div. 996; *Kellogg* v. *Stoddard*, 40 Misc. Rep. 95.)

CRANE, J. Is a husband liable for the services of a detective employed by a wife to discover his infidelity? I think not. Confining our answer to the facts of this case we can find no evidence that such services were necessary to enable the wife to maintain her action for separation.

Before reviewing the evidence there is a rule of law which should be settled and which apparently has not been heretofore directly passed upon by this court. In *Elder* v. *Rosenwasser* (238 N. Y. 427) we held that legal services procured by a wife in order to defend herself against a charge of assault and grand larceny was a necessary obligation for which the husband would be liable. We referred in our opinion with approval to the

case of *Naumer* v. *Gray* (28 App. Div. 529, 534). The opinion in that case was written by Mr. Justice CULLEN, later chief judge of this court. He deals very thoroughly with the question of the husband's liability for legal fees and expenses incurred by his wife. All the leading authorities are reviewed by him, and the conclusion reached that the prevailing opinion in this country is that a husband's liability for necessaries does not cover legal services, fees or expenses incurred by the wife in an action for absolute divorce against him. The reason for this conclusion is well stated in *Morrison* v. *Holt* (42 N. H. 478, 480):

" In order to charge the defendant in the present case, it is not sufficient for the plaintiffs merely to show that the defendant's misconduct gave occasion for the proceedings instituted by the wife, but it must also appear that those proceedings were necessary for the personal protection and safety of the wife. There is no evidence tending to show this: the proceedings were not had for her present or even future support as the defendant's wife, but they were intended to dissolve the marriage contract and release her from the position of wife to the defendant, because of his past misconduct; they looked not to protection from any present or future act of her husband, but merely to the enforcement of a right to a change of future condition, that she claimed had arisen from his previous fault. It has not been the policy of our law to imply from the marital relation any authority in the wife to bind the husband for the expense of such proceedings; her implied authority, where it exists, seems to arise from the relation, if not as an incident essential to its preservation, certainly as a consequence of its continued existence, and not as a power reserved for its destruction. It is said that ' it is never necessary for the safety of the wife, as such, to obtain a divorce from her husband or to resist his obtaining one from her.' Bishop's Mar. & Div., sec. 571."

In an action brought by him against her it might be different (*Gossett* v. *Patten*, 23 Kan. 340), although some of the early authorities go to the extent of holding that even where the husband brings the action he is not liable for the legal services rendered the wife in her defense. And this has been held even when she was successful. (*Wing* v. *Hurlburt*, 15 Vt. 607; *Meaher* v. *Mitchell*, 112 Me. 416; *Ray* v. *Adden*, 50 N. H. 82; *Shelton* v. *Pendleton*, 18 Conn. 417.)   What .attitude the courts of this State would take towards such a situation we need not now discuss as the matter is not before us.   The question is scarcely a practical one, as the Civil Practice Act, section 1169, provides for counsel fee to enable a wife to meet the expenses of her defense.  We may, therefore, consider the law to be fairly well settled that an attorney cannot maintain an action against a husband for services rendered the wife in an action brought by her for a divorce.   (*Clarke* v. *Burke*, 65 Wis. 359.)

But this rule does not apply to actions of separation as was decided in the *Naumer Case* (*supra*, p. 533).   Judge Cullen there stated in his opinion: " From this review of the cases in which the liability of the husband for services rendered to the wife in matrimonial actions has been denied, it will be seen that they were cases of absolute divorce, and that the decisions in all of them, except that in the Massachusetts case, proceed on the ground that the purpose of the .action is to dissolve the marital relationship, and not to protect or support the wife in her condition as such; which ground is wholly inapplicable to an action brought for a separation."   It was accordingly held and had our approval as above stated that in an action for separation, legal fees and expenses could be recovered in an action against the husband where they were necessarily incurred to protect the interests of the wife.

Another statement which we have heretofore made and which must be considered in connection with the

[240 N. Y. 274] Opinion, per Crane, J. [June,

facts in this case is that adultery in and of itself does not necessarily constitute cruelty and inhuman treatment justifying a decree of separation. It all depends upon the manner of its commission and its notoriety. (*Hofmann* v. *Hofmann*, 232 N. Y. 215.) Neither does the act of adultery necessarily indicate that the husband has permanently abandoned his wife and home. There are prodigal husbands like prodigal sons, who turn their eyes homeward when dreams of pleasure turn to husks of reality.

The wife in this case employed a detective to discover her husband's infidelities. If she had sued him for absolute divorce neither her lawyer nor the detective could have collected his bill from the husband. Is the husband liable for these expenses because the wife brought an action for separation instead of divorce? This must depend upon the circumstances of each case, and whether or not such services were actually necessary to afford her protection, or in other words to obtain a decree of separation giving her support.

Under our prior decisions it will be noted that if in a separation action counsel fee has been awarded, no other amount can be charged up to the husband.

An examination of the evidence is now necessary to determine whether there be any evidence to justify the finding in this case that the employment of the detective to discover her husband's infidelity was necessary to protect the wife's interests and obtain support by a decree of the court.

Emma E. Cochrane brought action against her husband John Cochrane for a separation upon the ground of abandonment and cruel and inhuman treatment. The first cause of action alleged the abandonment and neglect of the husband to provide for his wife according to his means. The second cause of action alleged that the husband sent his wife and daughter to California, and on their return told his wife that he loved another

woman, and would not come home to live.  It further sets out under various dates his alleged infidelities as discovered by the detective.

The case came to trial and resulted in a judgment taken by agreement upon the first cause of action, the abandonment charge.  No evidence was offered, the judge finding the fact of abandonment by consent, and awarding $8,000 a year alimony for the support and maintenance of the wife and daughter.

This present action is brought by the Lanyon Detective Agency, Inc., to recover for detective services in shadowing John Cochrane from October 19, 1921, to February 20, 1922, alleging that such services in discovering the husband's infidelity were necessary to enable the plaintiff to maintain successfully her action of separation.

The circumstances leading up to the wife's action for separation may be stated as follows:

John and Emma Cochrane were married in September of 1902 at Chicago in the State of Illinois and have one daughter about twenty years of age.  A few years ago they separated for about a period of two years.  Thereafter they came to New York to live, taking an apartment in Jamaica, Long Island.  In July of 1921 the wife and daughter returned to the city after an absence of some months in California, and were met in New York by the husband who took them to the Pennsylvania Hotel where they lived for a period of one month.  John Cochrane did not stay there with his wife and daughter, only occasionally taking his meals with them.  In September of that year the wife and daughter went to their apartment in Jamaica where they continued to live. John Cochrane did not join them.  He told his wife that he was going to leave her, that he loved another woman, and was not coming back home.  The husband and wife had never gotten along well together and had not cohabited for some time.  The wife says that their disagreements were due to incompatibility.  John Coch-

[240 N. Y. 274]        Opinion, per Crane, J.        [June,

rane after the return of his wife and daughter from California did not return to his wife; he lived elsewhere. So far as companionship and presence was concerned John Cochrane abandoned his wife and daughter deliberately, left home, and refused to return. He brought none of his personal property to the apartment in Jamaica, with the exception perhaps of one suit of clothes. The action for separation was commenced in December of 1921.

While John Cochrane refused to live with his wife and daughter, he did not fail to support them. He provided them apparently with plenty of money. He gave his wife between $300 and $500 a month to maintain the apartment in Jamaica, which was newly furnished throughout at his expense. He also established a charge account at Abraham & Straus and at Wanamaker's through which the wife and daughter obtained most of their wearing apparel. The abandonment, therefore, if any, consisted in John Cochrane failing and refusing to come home or live with his wife, and not in his failure to provide for her. The plaintiff, detective agency, was employed by Mr. Elder, the wife's attorney, in the separation action. The purpose of the employment was stated as follows by the plaintiff's president: "Mr. Elder told me that he wished me to handle a case on behalf of a client of his, a Mrs. Cochrane, that her husband, John Cochrane, had apparently left her and her daughter, after telling her that he was in love with some other woman, that he wanted me to find out whether there was any other woman in the case, if so, who she was, all about her, how long this intimacy had been going on."

The wife did not have this information. If her husband was having improper relations with another woman, she did not know it, except as he told her. What she found out, she discovered through the detective. The cruelty, if any, therefore, consisted not in these promiscuous acts of intercourse upon the part of her husband, but in his treatment of his wife and the things he said to her. She

did not need the detective to prove the abandonment. She knew as well as her daughter that the husband had left and refused to live with her. She also knew what the husband had told her as to the cause of his leaving, and could have testified to it in court without the aid and assistance of the detective. The husband's abandonment and treatment of his wife could all have been proved without the detective. His work in discovering the person with whom the husband was going and the places that they were frequenting was not necessary to enable the wife to maintain her action of separation. Through the detective she did discover his infidelity as a fact, and this may have moved her to bring the action; the facts discovered by the detective may have led the husband to withdraw his defense and permit the entry of a decree of separation by consent rather than have the scandal of his infidelities testified to in court, but neither the wife's decision or the husband's fear made the detective's services necessary for her protection. In other words, the husband left his wife and refused to live with her, under such circumstances as would have justified the court in entering the decree which it did.

If Mrs. Cochrane had been left without any support, and had employed detectives to find her husband, or to ascertain where he was working and how much he was making, we would have another question. Then would be involved the necessity of getting sufficient information to protect her rights, that is, enable her to get a decree giving her support. In this case, however, she had enough information regarding her husband's treatment of her and his daughter to maintain the action for separation and to protect all their rights and interest. She did not need the details of his wanderings, or the details and places of his nightly escapades to justify her action. This information no doubt convinced Mrs. Cochrane of the truth of her husband's statements if she had any doubt about them, and placed him in a position where

he might willingly give up money rather than have the facts revealed in public, but in the eyes of the law the services of the detectives to unearth this information was not a necessary for which he will be presumed to have pledged his credit.

There being nothing else in this case to sustain the recovery below, the judgments ·of all the lower courts should be reversed, and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., dissents; POUND, J., absent.

Judgments reversed, etc.