## SECOND DEPARTMENT, JUNE, 1925.

ALFRARETTA S. STEVENS, Respondent v. GEORGE H. STEVENS, Appellant.

*Husband and wife — separation — counsel fees not allowed for work done.*

Appeal from a judgment of the Supreme Court in favor of plaintiff, entered in the Dutchess county clerk's office on April 7, 1925, upon the decision of the court rendered after a trial at the Dutchess Trial Term before the court without a jury.

PER CURIAM: We agree with Mr. Justice Tompkins' findings of fact and conclusions of law, and with the views stated in his opinion filed. (125 Misc. 451.) But we are forced to the conclusion that he had no power to allow the counsel fee. The action for separation was commenced in December, 1924, and it was tried in the following month. No application was made by plaintiff for counsel fee to enable her to bring the case to trial, and the counsel fees allowed must, therefore, represent

services rendered in procuring the judgment and not to enable plaintiff to carry on the action. Allowance of expenses already incurred cannot be made in the judgment for separation. (*McCarthy* v. *McCarthy*, 137 N. Y. 500; *Beadleston* v. *Beadleston*, 103 id. 402; *Poillon* v. *Poillon*, 75 App. Div. 536; *Lonsdale* v. *Lonsdale*, 41 id. 224; *Williams* v. *Williams*, 53 Hun, 636; *Straus* v. *Straus*, 67 id. 491.) But it would appear that plaintiff and her counsel are not without remedy. (*Naumer* v. *Gray*, 28 App. Div. 529, cited with approval in *Lanyon's Detective Agency* v. *Cochrane*, 240 N. Y. 274; *Elder* v. *Rosenwasser*, 238 id. 427.) The judgment should be modified by striking out the provision awarding counsel fee, and as so modified affirmed, with costs to respondent. Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ. Judgment modified by striking out the provision awarding counsel fee, and as so modified unanimously affirmed, with costs to respondent.