WILLIAM R. LEAF, Plaintiff, *v.* ISIDORE LIPPMAN, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, December 20, 1934.

*Sidney M. Wittner*, for the plaintiff.

*Samuel H. Grant*, for the defendant.

LEWIS, DAVID C., J.   In June, 1932, a separation action was instituted by Rose Lippman, as plaintiff, against Isidore Lippman, defendant.   In October, 1932, an order was entered allowing Rose Lippman a counsel fee of two hundred dollars and alimony of fifty dollars a week for herself and the minor children.   On December 7, 1932, the separation suit came to trial and the defendant Isidore Lippman only controverted the issue of alimony, which, by consent, was fixed at fifty dollars a week.   Subsequent thereto a divorce action was instituted by Isidore Lippman, as plaintiff, against Rose Lippman, as defendant.   And on July 24, 1933, a counsel fee of one hundred dollars was awarded in that action to Rose Lippman, the defendant in the divorce action.   On January 11, 1934, a motion by Rose Lippman, the defendant, for an additional counsel fee was denied.   On January 24, 1934, the alimony was reduced to thirty dollars per week.   The divorce action came to trial in January and was completed in February, 1934.

In April, 1934, a decree in divorce was granted to the husband and alimony was allowed at the rate of twenty dollars per week for the support and maintenance of the issue of said marriage.

In this action judgment is now sought against the husband for certain services rendered by the process server in locating and serving subpœnaes for witnesses upon the divorce trial, and certain expenditures in conjunction therewith.

Two primary considerations influence the determination of the question before this court: (1) The judicial respect for the marital relationship; (2) the legal obligations of the husband for necessaries furnished his wife.

Observing this respect for the marital relationship, our courts, except as expressly provided by the Civil Practice Act, do not ordinarily saddle the husband with expenses incurred by the wife in her preparation and prosecution of an action to end the marital relationship.   For this responsibility of the husband rests upon the doctrine that the wife is impliedly authorized to bind his credit for necessaries, when the husband fails to fulfill this marital obligation.   This implied agency of the wife, like this liability of the husband, rests upon the maintenance of the state of coverture. The expenses sustained in an action for separation (not absolute divorce) cannot be charged against the husband unless brought within the limits of necessary expenses.   These expenses, like " the

obligation to pay attorneys' fees, is in the same category as any other necessary and determined by the same standard." (*Klein* v. *Dula*, 217 App. Div. 473, at p. 476.)

To rule whether in any particular case such expenses were necessary requires a survey and study of the evidence and proceedings in the matrimonial action; not now presented to this court.

However, the expenses involved in this suit consist of charges incurred in the course of the wife's defense in an action for absolute divorce. In that action the wife applied for and secured an allowance for counsel fee. This allowance, unless the order otherwise provided, may have exhausted the right to hold the husband for expenses incurred in that suit; or, in other words, constituted the full measure of his liability for such necessaries.

The Supreme Court could — had it seen fit — have provided for both counsel fees and expenses. (*Stillman* v. *Stillman*, 199 App. Div. 735, see p. 737; *Naumer* v. *Gray*, 28 id. 529; *Turner* v. *Woolworth*, 221 N. Y. 425; *Klein* v. *Dula, supra*, 473; *Lanyon's Detective Agency* v. *Cochrane*, 240 N. Y. 274; *McLaughlin* v. *McCanliss*, 146 Misc. 518.)

Indeed, when it comes to determining these questions, one may be pardoned for asking whether there is anybody as well posted and qualified to appraise the value of the services or pass upon their necessity as the court that tried the matrimonial action. Should we not confine such matters to the trial justice?

Judgment for the defendant dismissing the complaint on the merits.