## William J. Burns, etc., v. Birrell et ux.

*Charles B. Ermentrout*, for plaintiff.

*Wynne James, Jr.*, for defendants.

KELLER, P. J., September 5, 1950.—This action was brought by plaintiff against defendants, Lowell M. Birrell and his wife, Merrie V. Birrell, to recover for services rendered by plaintiff as a private detective, in shadowing and conducting an investigation of the acts and conduct of husband defendant, Lowell M. Birrell, during a period from about August 27, 1946, to on or about September 14, 1946, as directed by defendant, Merrie V. Birrell.

The complaint alleges that defendant, Merrie V. Birrell, on or about August 23, 1946, in the City of New York, verbally engaged the services of plaintiff to investigate the conduct of her husband and to keep him under surveillance until she notified plaintiff that the services were to cease; that she verbally promised and agreed to pay plaintiff the sum of $16 per day per man put on the investigation, together with costs incurred; that plaintiff, acting in reliance upon the verbal contract with defendant, Merrie V. Birrell, put from one to three operatives on the job at various days and at various times during the period above mentioned; that defendant, Merrie V. Birrell, promised and agreed to pay plaintiff the fair, reasonable and market price for

the services rendered by plaintiff; that such services rendered to defendant, Merrie V. Birrell, were necessities and, as such, were in keeping with her position and station in life and were made necessary by the conduct of her husband, Lowell M. Birrell; that defendant, Lowell M. Birrell, as husband of Merrie V. Birrell, is liable for his wife's necessary expenses; and that defendants neglected and still neglect to pay the amount or any part thereof, notwithstanding frequent demands were made upon them.

Defendant, Lowell M. Birrell, filed preliminary objections in the nature of a demurrer to plaintiff's complaint assigning, as the reasons therefor:

1. It is not alleged that defendant, Lowell M. Birrell, had deserted his wife or failed to provide for her support.

2. The services rendered to Merrie V. Birrell were not of the kind which constitutes necessaries.

3. It is not stated in the complaint that plaintiff relied on the credit of the husband in furnishing these services nor dealt with him in any other way.

4. It is not alleged that Merrie V. Birrell was acting as agent for Lowell M. Birrell.

Defendant, Merrie V. Birrell, filed an answer to the merits of plaintiff's claim in which she denies that she verbally engaged the services of plaintiff or that she promised to pay for the services. She admits that no payment has been made as she was never obligated to plaintiff in this sum.

The controlling question in this case is whether a husband is liable for the services of a detective employed by his wife to shadow him and investigate his personal conduct on the theory that a husband is liable for "necessaries" furnished his wife. It is plaintiff's contention that the services rendered by it to defendant, Merrie V. Birrell, at her verbal request, were necessaries for which her husband, defendant, Lowell M.

Birrell, was liable, because the law raises a presumption that she acted as her husband's agent.

It is fundamental that it is the duty of the husband to support his wife. While a husband may be relieved of this obligation, under certain circumstances, it is a well recognized presumption that so long as they are living together as husband and wife, the wife is the agent of her husband to purchase necessaries in the sense of services, articles, and household supplies, and to contract generally in all matters pertaining to the care and management of the household. This presumption of agency arises from the fact of cohabitation and is said to be founded on the well-known fact that in modern society, almost universally, the wife, as the manager of the household, is clothed with authority thus to pledge her husband's credit for articles of ordinary household use: 26 Am. Jur. 944, §347; Moore v. Copley, 165 Pa. 294; McCreery v. Scully, 67 Pa. Superior Ct. 524; Dublino v. Natale et ux., 118 Pa. Superior Ct. 301; Heitz v. Bridge, 155 Pa. Superior Ct. 656. It becomes important, therefore, in this case to determine whether the services rendered by plaintiff at the instance of Mrs. Birrell can properly be considered as necessaries.

The term "necessaries" in the law of husband and wife is a relative term to be applied to the circumstances and conditions of the parties. In 26 Am. Jur. 973, §375, the editor in discussing what constitutes necessaries, says as follows:

"It is impracticable as well as undesirable to attempt to prescribe a universal rule or formula to be applied in the determination of whether a particular article or service is a necessary in every case in which such question may arise, but it is safe to assert that generally whatever naturally and reasonably tends to relieve distress, or materially and in some essential particular to promote comfort, either in body or mind, may be

deemed to be a necessary." See also 41 C. J. S. 522, §57.

Our courts are frequently allowing counsel fees and suit expenses, commonly referred to as alimony pendente lite, against the husband in divorce actions brought by the wife. They have also allowed counsel fees against the husband in actions of replevin brought against the wife on the basis of their equitable powers, as in the case of divorce, where the wife had no separate estate sufficient for the purpose, in order that she may not, in effect, be denied justice. See Bartholomew v. Bartholomew, 31 Dauph. 136; Drugash v. Drugash, 32 D. & C. 25. There would also seem to be authority for the allowance, under certain circumstances, for detective services, as part of the expenses of the wife in either suing or defending a suit in divorce. In Hartje v. Hartje, 39 Pa. Superior Ct. 490, as stated in the syllabus:

"It has been the uniform practice to allow a wife, destitute of a separate estate, who is either suing or defending a suit in divorce, such a reasonable sum as will enable her to carry it on. She cannot sue in forma pauperis, for she is not a pauper if she is the wife of a man who has property. To deny her the means to pay for process and professional aid is to deny her justice. The amount is a question for the discretion of the court."

The only Pennsylvania case we have been able to find wherein the facts and questions involved are similar to those before us is Kaufmann v. Kaufmann, 76 Pa. Superior Ct. 603. In that case, which was an action of divorce a mensa et thoro on the ground of adultery, the court, after granting a divorce to wife libellant, made an order upon respondent for alimony, including counsel fees and expenses for detective services. Upon appeal, the Superior Court reversed the action of the lower court on the ground that costs

incurred by a wife, in procuring evidence of the adultery of her husband, prior to bringing a suit for divorce a mensa et thoro, were not costs or expenses of the suit, in any proper sense of the term, and their payment should not be imposed as such upon respondent. Keller, J., after reviewing a large number of cases in this and other jurisdictions involving the question of the husband's liability for the wife's costs and expenses, pending proceedings for divorce, says on page 607:

"But in none of them have we found an order directing the husband to pay for moneys expended or bills incurred by the wife before the institution of a divorce action in order to procure evidence against him on which to found such action. No statute authorizes their payment; they are not comprised among the expenses recognized by the decisions of our courts as just and necessary to the wife, in order to permit her to maintain or defend her action; nor is there any public policy requiring their payment. On the contrary, in our opinion, it would be against public policy to make a precedent ordering such payment."

In Lanyon's Detective Agency v. Cochrane, 240 N. Y. 274; 148 N. E. 520; 41 A. L. R. 1432, in which the facts are similar to those in the proceeding before us, except that was a pending suit for separation brought by the wife against the husband, the husband was not living with his wife, although he furnished her with money for her support, and told her he was in love with another woman, the court held that, because of her knowledge of the person with whom her husband was living and his conduct with her, it was not necessary, for the protection of her rights, to justify a finding that the employment of the detective to discover her husband's infidelity was necessary to protect the wife's interest and obtain support by a decree of the court. The court pointed out that if a wife is left without any support and finds it necessary to employ detectives

to find her husband, a different question would be presented. In another New York case, Shorten v. Schoenbrun et al., 42 N. Y. S. (2d) 101, which was an action for "necessaries" furnished the wife, the court refused to permit recovery against the husband for services of a detective employed by the wife to obtain evidence against her husband for an action of absolute divorce, even though, as a result, the wife later obtained a divorce. In Day v. Day, 15 Idaho, 107, 96 Pac. 431, which was a proceeding for alimony pendente lite and did not directly involve the liability of a husband for the services of a detective employed by his wife to shadow him, it was held that, where, in a divorce suit, it develops that the husband has employed detectives in order to prepare his case, look up evidence, find witnesses, etc., the wife is entitled to receive from the husband a reasonable sum of money to be used in the same manner for preparing her own case.

There is nothing to indicate in plaintiff's complaint in the case before us the circumstances under which these detective services were rendered; whether at the time plaintiff was engaged by defendant, Mrs. Birrell, she and her husband were living together or separated; whether there was any action of separation, divorce or nonsupport pending, or whether she had been deserted by her husband and was trying to locate him. It is conceivable that, under certain circumstances, the services of a detective might become and be regarded as necessary for the protection of the wife and their costs imposed upon the husband. However, the employment of a detective agency by a wife for the mere purpose of spying on her husband, the purpose for which does not appear, as in the instant case, does not constitute such a necessary expense as to make her husband liable therefor. As was said in Kaufmann v. Kaufmann and Lanyon's Detective Agency v. Cochrane, supra, a husband will not be held liable for moneys expended or

bills incurred by the wife before the institution of a divorce action in order to procure evidence against him on which to found such action or to defend such action. Accordingly, we conclude that plaintiff's complaint is insufficient in substance and, therefore, defendant Lowell M. Birrell's preliminary objections, must be sustained and the complaint as against him must be dismissed. Leave is given to plaintiff to amend its complaint, if it can, within 20 days from this date to overcome the objections herein raised.

And now, to wit, September 5, 1950, the preliminary objections raised by defendant, Lowell M. Birrell, are hereby sustained, and plaintiff's complaint as to him is dismissed. Leave is given, however, to plaintiff to file a new or amended statement within 20 days from this date.