No. 43,044

Virgil Chipp, d/b/a Confidential Investigation Bureau, *Appellant*, v. Howard T. Murray, *Appellee.*

(379 P. 2d 297)

Opinion filed March 2, 1963.

*Clyde Wendelken,* of Wichita, argued the cause, and *Henry Martz* and *Elliott Fry,* both of Wichita, were with him on the brief for the appellant.

*Grey Dresie,* of Wichita, argued the cause, and *J. Paul Jorgensen,* also of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an action by a private detective against a divorced man for services performed under a contract independently made by the man's wife prior to the divorce. The trial court sustained a demurrer to the petition and appeal has been duly perfected.

The question presented is whether detective services for the wife were "necessaries" for which the husband is presumed to have pledged his credit.

On the 12th day of October, 1961, Virgil Chipp, d/b/a Confidential Investigation Bureau (appellant) filed an action in the district court of Sedgwick County, Kansas, against Howard T. Murray (appellee). Insofar as the petition is material to the issue herein, it alleged:

"That on or about the 23rd day of May, 1960, Mrs. Feryl A. Murray engaged the Plaintiff to check the reputation, character, assets and activities of her husband, the Defendant, Howard T. Murray, and to secure information and data necessary for use in the efficient preparation and presentation of evidence and necessary for the protection of the financial and property rights

of herself and their minor children during the hearings in and trial of a divorce suit which she later filed against Howard T. Murray in the District Court of Sedgwick County, Kansas, on September 22, 1960, being case number B-4610.

"That the employment of a detective was particularly necessary for Mrs. Murray as significant information regarding Howard T. Murray's reputation, character, assets and activities was largely, if not entirely, unknown to her and as she was not possessed of the ability, training or equipment necessary to gather this information."

Near the end of the petition it was alleged:

"That the services of the Plaintiff were vital, necessary and essential for the protection of the property rights of herself and the minor children and the protection of the emotional and financial security of herself and the minor children."

It was alleged the plaintiff continued the performance of these services until the 5th day of June, 1961, when Mrs. Murray was granted an absolute decree of divorce from Howard T. Murray; and that Mrs. Murray paid the plaintiff a retainer fee of $100 on the 24th day of May, 1960, and an additional $280 on the account. The balance remaining due and unpaid and for which suit was filed against the defendant, after repeated demands, was $4,118, which is alleged to have been due on the 5th day of June, 1961, the date of the rendition of the divorce.

No allegation is made that the trial court was in any way confronted with this indebtedness in the divorce action. (See, *Murray v. Murray*, 189 Kan. 679, 371 P. 2d 125.)

There is no Kansas case law in point, and very little in other states.

The only case law available holds that unless the wife is left destitute, and the services of a detective are necessary to secure necessities for herself and children, the husband is not chargeable with the cost of the services of a private detective independently employed by the wife. (*Lanyon's Detective Agency v. Cochrane*, 240 N. Y. 274, 148 N. E. 520; and *Dawson v. Greenberg*, 169 N. Y. S. 2d 143; and see, 17 Am. Jur., Divorce and Separation, § 631, p. 706.)

No allegation is made in the petition herein that the wife was left destitute, or that the detective's services were necessary to obtain necessities to support the wife or children. This is not the theory of the appellant's case, and we do not, therefore, pass upon this point.

The appellant relies on *Gossett v. Patten*, 23 Kan. 340. There a husband sued his wife for divorce, charging her with committing

acts derogatory to her character, and it was necessary, in order to protect her character and good name, for her to employ counsel to defend her. Counsel so employed performed services charging them to the husband. The wife had no estate or means to pay for the services. When she applied to the court in the divorce case for the allowance of alimony *pendente lite*, including suit money, the husband dismissed the action before the court rendered its decision on her application. It was held a subsequent action by the wife's attorney before a justice court for the value of his services necessarily rendered in the divorce action was proper, the court saying:

". . . Of course, where the services are unnecessary, or where the wife is able to pay for them, or where an allowance has been made for them, and probably where the wife is in the wrong, such an action could not be maintained. But this is not one of such cases. This case comes under the rule of requiring the husband to pay for necessaries furnished the wife where the husband without good cause has failed or refused to furnish them himself." (pp. 342, 343.)

The appellant states few husbands would be willing to furnish money to a wife for detective fees to his own personal detriment. He then argues:

". . . Without the credit of her husband, Mrs. Murray could not have obtained the advantages of the appellant's investigative services, no more than she could have obtained the services and derived the advantages of competent counsel. Both the attorney and the private detective have a role in the preparation and conduct of a law suit. Perry Mason and Paul Drake seem in point. Although neither is a party to the suit, the attorney as an officer of the court and drafter of pleadings and conductor of the course of litigation can secure, and commonly does, fee allowances in the case. The detective is relegated to compensation by the husband, appellee, in a separate action or to payment by the divorced wife. If payment is not forthcoming from the wife then his course is solely against the husband, appellee herein."

The appellant contends that a progressive, realistic interpretation of G. S. 1949, 60-1507, warrants the inclusion of detective fees for services rendered a wife in a divorce suit on the ground that detective fees are as much a "necessity" as attorney fees.

The statutory authorization requiring a husband to pay a reasonable attorney fee for the wife's attorney in a divorce action is found in G. S. 1949, 60-1507, as follows:

"After a petition has been filed in an action for divorce and alimony, . . . the court, . . . may make such order relative to the expenses of the suit as will insure to the wife an efficient preparation of her case; and on granting a divorce in favor of the wife or refusing the application of

her husband, the court may require the husband to pay such reasonable expenses of the wife in the prosecution or defense of the action as may be just and proper, considering the respective parties and the means and property of each. . . ."

First it must be noted the statute authorizes the court to make a fee allowance only *in divorce cases.* This is not a divorce case but an independent action. We think the plain interpretation of the statute discloses that it has no application to fees for a detective. Here the services of the detective were engaged more than a year prior to the divorce decree and long prior to the filing of the divorce action.

We think it unnecessary to go into a full discussion as to what constitutes "necessaries." (See, 26 Am. Jur., Husband and Wife, § 375, p. 972.) Generally, it may be said necessaries include those things needed and suitable to the rank and condition of the spouses and the style of life they have adopted. What necessaries are in kind and amount is to be determined in each case by the means, ability, social position and circumstances of both husband and wife.

The implied authority of the wife, where it exists, to pledge the credit of her husband seems to arise from the marriage relation itself, if not as an incident essential to its preservation, certainly as a consequence of its continued existence, and not as a power reserved for its destruction.

We hold in the eyes of the law the services of a detective to unearth the reputation, character, assets and activities of a husband at the instance of the wife is not a necessity for which the husband will be presumed to have pledged his credit by reason of the marriage relationship.

The judgment of the lower court is affirmed.