(823 P.2d 226)

No. 66,075

ST. FRANCIS REGIONAL MEDICAL CENTER, INC., *Appellee*, v. EDWARD D. BOWLES, *Defendant*, and TAMARA BOWLES, *Appellant*.

Opinion filed December 31, 1991.

*John Black*, of Black and Black, Lawyers, of Salina, for the appellant.

*John B. Gilliam, Troy H. Gott*, and *Christopher A. McElgunn*, of Klenda, Mitchell, Austerman & Zuercher, of Wichita, for the appellee.

*Curtis J. Waugh, Wayne T. Stratton*, and *David E. Bruns*, of Goodell, Stratton, Edmonds & Palmer, of Topeka, for *amicus curiae* Kansas Hospital Association.

Before REES, P.J., DAVIS, J., and STEPHEN D. HILL, District Judge, assigned.

REES, J.: Plaintiff St. Francis Regional Medical Center, Inc., has pursued this action against Edward Bowles and his wife, Tamara Bowles, to collect its charges for medical services provided to Edward. All parties agree that the medical services provided to Edward were necessary services and that the hospital's charges are reasonable and proper. Edward has confessed judgment in the principal amount of $12,021.54.

Because of Edward's financial inability to pay, the hospital has sought identical but nonduplicative recovery against Tamara under the common-law doctrine of necessaries. The essence of that doctrine is that a spouse is obligated to pay for the other spouse's necessaries, which include those things needed and suitable to the spouses' rank and condition and the style of life they have adopted. *Chipp v. Murray*, 191 Kan. 73, 76, 379 P.2d 297 (1963).

Tamara appeals from the summary judgment entered in favor of the hospital and against her. She argues that, because the doctrine of necessaries stems from the common-law concept of the unity of marriage under which a wife was deemed dependent upon her husband because she could not separately own and hold property in her name, the doctrine operates only to obligate a husband to pay for his wife's necessaries. From that she argues that a wife is not obligated to pay for her husband's necessaries. Although it does not support her defense in the present case, Tamara suggests that, because the doctrine is not gender neutral, its implementation violates the equal protection clause of the Fourteenth Amendment. Tamara proposes that the doctrine should be abolished.

We are referred to no Kansas appellate decision where the doctrine of necessaries has been expressly applied to obligate a wife for her husband's necessary expenses.

The earliest Kansas reference to the doctrine of necessaries that we have found appears in *Harttmann v. Tegart*, 12 Kan. 177 (1873).

Within *Harttmann*, it is stated: "We suppose a mutual legal as well as moral obligation rests upon every husband and wife to furnish each other, so far as it is within their power, everything necessary for their mutual comfort and enjoyment." 12 Kan. at 179.

Contrary to Tamara's assertion that the doctrine of necessaries was based on the concept of unity of marriage, in *Harttmann* our Supreme Court reasoned that the doctrine arose from agency principles. 12 Kan. at 179-80.

In *State v. Koontz*, 124 Kan. 216, 217-18, 257 Pac. 944 (1927), this appears:

"At common law crimes against the property of another cannot be committed by husband or wife against the property of the other owing to the unity of husband and wife and the rights of the husband in the property of the wife. . . . The common law rule above mentioned has no application in this state . . . . [By Article 15, § 6 of the Kansas Constitution and the Married Women's Act at G.S. 1868, ch. 62, § 1, later to become known as the Married Person's Act, K.S.A. 23-201], the common law rule of the unity of property rights of husband and wife *has been abrogated*." (Emphasis added.)

Tamara's reliance on *Harrah v. Harrah*, 196 Kan. 142, 409 P.2d 1007 (1966), is unpersuasive. She points us to that part of *Harrah* where it is said:

"At common law the husband had almost absolute control over his wife. He was entitled to her services and consequently to her earnings and all of her possessions. A married woman had no legal existence apart from her husband and thus could not contract in her own name. She was in a condition of complete dependence." 196 Kan. at 145.

Tamara fails to acknowledge this immediately following text:

"[T]he inclusion of Art. 15, § 6, in the Kansas Constitution and the enactment of G.S. 1949, 23-201, *et seq.*, now K.S.A. 23-201, *et seq.*, as Justice Burch, speaking for the court, explained it,—

'. . . irretrievably broke down the common-law theory of marital unity, destroyed the notion of feminine subjection to baronial authority, threw off the restraints of coverture, and installed the modern doctrine of the equality of man and wife before the law.' (*Harrington v. Lowe*, 73 Kan. 1, 18, 84 Pac. 570.)" 196 Kan. at 145.

We are invited to direct gender neutral utilization of the doctrine of necessaries as a matter of policy. We decline the invitation. Whether there is to be such a stated policy is a question best left to our Supreme Court or, perhaps, our legislature. Be that as it may, we observe that gender neutral retention of the doctrine would be consistent with our divorce statute (K.S.A. 1990 Supp. 60-1610[b][2]) (amendment at L. 1991, ch. 171, not applicable) and our criminal nonsupport statute (K.S.A. 1990 Supp. 21-3605[2][a]), both of which mutually obligate spouses to support each other.

To resolve the appeal before us, we rely upon the above-quoted statement in *Harttmann* and with that as foundation we hold that Tamara is mutually obligated for the payment of the hospital's charges for its services furnished to Edward. Accordingly, we conclude that the summary judgment in favor of the hospital and against Tamara must be affirmed.

Affirmed.