HORN v. SCHMALHOLZ.

(Supreme Court, Appellate Division, Second Department. April 12, 1912.)

DIVORCE (§ 197*)—ALIMONY—COUNSEL FEES—LIABILITY OF HUSBAND.

 In a wife's suit for separation, a final judgment directed the husband to pay alimony at a monthly rate, and plaintiff, acting as the wife's attorney on the credit of the husband, began proceedings under Laws 1895, c. 891, which resulted in an order for increasing the alimony, from which the husband took no appeal. *Held*, in an action against the husband for services in obtaining the increase of alimony, the husband was liable.

 [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 582, 583; Dec. Dig. § 197;* Husband and Wife, Cent. Dig. § 137.]

Appeal from Trial Term, Kings County.

Action by George P. Horn against Edward B. Schmalholz. From a judgment of the Supreme Court dismissing the complaint upon the pleadings, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, WOOD-WARD, BURR, and RICH, JJ.

Isaac R. Oeland, for appellant.
John M. Zurn, for respondent.

HIRSCHBERG, J. The plaintiff sues as assignee of one Benno Loewy, an attorney and counselor at law, to recover the reasonable value of certain professional services heretofore rendered by said Loewy to the defendant's wife, Margaret Schmalholz. The complaint alleges, in substance, that in 1903 said Margaret Schmalholz brought an action for a separation, in the Supreme Court of this state, Kings county, in which action final judgment was rendered in her favor November 30, 1903, directing the defendant to pay her alimony at the rate of $120 per month; that in April, 1906, said Margaret Schmalholz employed said Benno Loewy as her attorney upon the credit of the defendant and relying upon the duty and lawful obligation of the defendant to pay for said services to obtain an increase in the amount of said alimony; that said Benno Loewy, pursuant to such employment, instituted and conducted certain proceedings set forth in full in the complaint, resulting in an order entered in the said separation action May 10, 1906, increasing the alimony to $200 per month; that the defendant has never appealed from said order, but has ever since paid said alimony; that the time to appeal from said order has passed; that the said separation action was an action for the support and protection of defendant's said wife; and that the said order increasing her alimony was for her protection and support and rendered reasonable and proper by the conduct of the defendant. The complaint then duly alleges an assignment of Loewy's claim to the plaintiff, and demands judgment against the defendant for the reasonable value of Loewy's services in obtaining said order increasing the alimony payable to the defendant's wife. The defendant filed an answer denying knowledge or information sufficient to form a belief as to all the allegations of the complaint excepting the recovery of the judgment

for separation, the increase and payment of the alimony, and the fact that no appeal was taken. After a jury had been impaneled for the trial, and after the plaintiff's opening speech, the defendant's counsel moved to dismiss the complaint and for judgment on the pleadings, on the ground that the complaint did not state facts sufficient to constitute a cause of action, in that it appeared that the services were rendered by an attorney subsequent to the entry of final judgment in an action for a separation. The motion was granted, and the plaintiff appeals from the judgment dismissing his complaint.

The case most nearly in point in this state seems to be Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222. There this court unanimously decided that a husband was liable for legal services rendered his wife in instituting and prosecuting an action against the husband for a separation upon the ground of cruel and inhuman treatment, if the attorney could show that the action was for the protection and support of the wife, and if the husband's conduct had been such as to render its institution and prosecution reasonable and proper. In that case, as in the case at bar, the court below dismissed the complaint. Justice Cullen, writing for this court in an exhaustive opinion, collated and considered the many conflicting authorities on the general subject in this and other jurisdictions, and showed that the weight of American authority sustained the maintenance of such an action when the services had been rendered in an action for a separation, but not when they had been rendered in an action for an absolute divorce. The reason expressed for the distinction was that the attorney's action, being based upon the necessity for the protection and support of the wife as such, could not be maintained when the services had been rendered in an action to dissolve that relationship, but could only be maintained when the services had been rendered in an action for a limited divorce, for the protection and support of the wife in her relation as such, which marital relation would survive the final judgment. No such distinction has ever been established by the English courts, and in that jurisdiction, as well as in some American states, the attorney may maintain an action against the husband for services rendered the wife in an action for an absolute divorce as well as in one for a separation.

The trial of the Naumer Case, supra, pursuant to the direction of this court, resulted in a judgment awarding the plaintiff $100. The case again came before this court (41 App. Div. 361, 58 N. Y. Supp. 476) upon the defendant's appeal, and he urged a reversal of the judgment on the ground that a counsel fee could have been obtained in the separation action, inasmuch as that action had never been terminated by order of discontinuance, although the wife, having become reconciled, had returned to her husband, and on the ground that the conclusion of the court in the separation action to award the attorney counsel fee of $75 was conclusive. This court unanimously affirmed the judgment. Mr. Justice Woodward, writing for the court, expressed the opinion that the separation action had been as effectually terminated by the reconciliation between the parties as it would have been by a formal order of discontinuance, and that the conclusion of

the court to award the plaintiff a counsel fee of $75 was not conclusive, as the action had been terminated before the formal entry of any order directing the payment of such counsel fee, and that the appellant had waived any benefit he might have obtained from such conclusion of the court regarding the amount of the counsel fee by going to the jury in the action for services on the question of the value thereof.

The learned trial justice in the case at bar seems to have based his decision upon the fact that the services in the Naumer Case were performed before the entry of final judgment in an action for a separation, whereas in the case at bar the services were performed after the entry of final judgment. I do not consider that this difference takes the case at bar from the rule established in the Naumer Case. Prior to 1895, there was no proceeding under either the Revised Statutes or the Codes whereby a provision for alimony in a final judgment for divorce or separation could be altered (Walker v. Walker, 155 N. Y. 77, 49 N. E. 663), and the husband's obligation to support and maintain his wife when he was the guilty party, although continued unchanged in substance, was regarded as finally measured and irrevocably fixed by the terms of the judgment. By chapter 891 of the Laws of 1895, however, the Legislature conferred jurisdiction on the Supreme Court to "annul, vary or modify" the direction for alimony "at any time after final judgment," upon the application of either party upon notice to the other.

The final judgment in the action instituted by the defendant's wife for a separation, unlike a final judgment in an action for an absolute divorce, did not terminate the relationship of husband and wife. That status still subsisted between the parties to the separation action after the entry of the final judgment, although limited and regulated by the provisions of that judgment. Legal services, performed upon an application made pursuant to the legislative authorization after the entry of final judgment in an action for a separation, to obtain a proper increase of the amount of alimony fixed by said final judgment, or to prevent an improper reduction or revocation thereof, may be as necessary and proper for the protection and support of the wife in her marital rights still subsisting, as were the services performed in the action to obtain the judgment of separation and the first award of alimony.

If, after the successful termination of an action by a wife for a judicial separation, her attorney can obtain judgment in a common-law action against her husband for the value of his services by showing that such services were for the wife's protection and support in the marriage relation and that the conduct of the husband rendered their performance reasonable and proper, certainly the continuance of the marital status after such judgment is sufficient to warrant a recovery for services performed in prosecuting an application to readjust the amount of the husband's obligation to support and maintain the wife.

Whether the court at Special Term had power to award a counsel fee in the proceeding to increase the alimony is not decisive of the

right to maintain this action. In Lake v. Lake, 194 N. Y. 179, 87 N. E. 87, the Court of Appeals held that the Special Term had no power to award a counsel fee in a proceeding to amend the provision for alimony in a final judgment of divorce. There, however, the court declared that the basis upon which such an order rested, namely, the existence of the relationship of husband and wife, had been terminated by the judgment of divorce. A different question would have been presented if the application had been made after final judgment in an action for a separation, where the relationship of husband and wife still existed. I do not consider it necessary to determine the power of the court under such circumstances. The right to maintain the action in the case at bar is a common-law right, not dependent upon the provisions of the Code relative to counsel fees, but based upon the continuance of the marital status and the husband's common-law obligation to protect and support the wife therein. I am of the opinion that when the Legislature conferred jurisdiction upon the Supreme Court enabling it to refix the amount provided for the wife's support by final judgment in a separation action, the common-law liability of the husband continued, requiring him to pay for the legal services necessarily and properly employed by the wife in enforcing such legislative rights, in the same degree and to the same extent as in the case of similar services necessarily rendered in the action prior to final judgment.

The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.