ROBERT H. ELDER, Respondent, *v.* JOHN A. COCHRANE, Appellant.

Second Department, June 16, 1924.

Husband and wife — action by attorney for wife in separation action against husband to recover counsel fees — separation and alimony were granted on ground of abandonment — counsel fees were not granted in separation action — husband is liable.

An attorney at law who appeared for a wife in an action for separation and secured a judgment of separation and for alimony on the ground of abandonment, may recover counsel fees in an action against the husband on the theory that his services in the separation action were necessaries where counsel fees were not allowed in the separation action.

APPEAL by the defendant, John A. Cochrane, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of November, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

*Harold N. Whitehouse* [*Maurice W. Clarke* with him on the brief], for the appellant.

*Otho S. Bowling,* for the respondent.

KAPPER, J.:

Plaintiff, an attorney at law, has recovered a judgment for the reasonable value of legal services rendered on behalf of the defendant's wife, in an action brought by her against the defendant for a separation, charging cruel and inhuman treatment.

The court is committed to the proposition that where, as here, no application has been made for counsel fee in a separation suit brought by a wife against her husband, her attorney, after she has succeeded in obtaining a judgment in her favor, may maintain an independent action against the husband for the reasonable value of his services rendered on behalf of the wife on the theory that such services were necessaries. (*Naumer* v. *Gray,* 28 App. Div. 529; *Horn* v. *Schmalholz,* 150 id. 333.) But appellant, without citing or discussing the *Horn Case (supra),* urges that we have limited the attorney's right to sue to a case where the separation action was based upon cruel and inhuman treatment, and that, as the judgment against this defendant in the matrimonial action resulted in a separation decree upon the ground of abandonment only, the attorney's action is not maintainable. And this he predicates upon the expression of Mr. Justice CULLEN in the *Naumer Case (supra,* 534), to the effect that to enable a lawyer to recover for legal services rendered to the wife in an action for separation " the plaintiff must show affirmatively that the suit was' for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper."

In the separation action here involved the judgment was entered upon findings reciting that the defendant " in open court * * * admitted and agreed that a cause of action for a judicial separation exists in favor of plaintiff and against defendant, upon the ground that, before the commencement of this action, defendant abandoned plaintiff with intent not to return; " and further reciting: " and the parties having thereupon stipulated in open court that a judgment of separation be entered in favor of plaintiff, and against defendant,

and awarding to plaintiff the custody of the issue of the marriage, to wit, June Cochrane, during her minority, and requiring defendant to pay to plaintiff as alimony for her support and maintenance, and for the support, maintenance and education of said infant daughter, the sum of eight thousand dollars ($8,000) per year, payable in monthly installments of six hundred sixty-six dollars and sixty-seven cents ($666.67) each."

The evidence on the present trial was sufficient to establish that plaintiff's services in behalf of the wife in her separation action were substantial, and that they were of the value placed upon them by the jury.

It is the appellant's theory that the words " protection and support of the wife," in the opinion in the *Naumer Case (supra)*, mean that it is only when the action has in view safeguards against the husband's physical violence that the attorney may sue the husband for services when the separation action is successful; in other words, that only in an action for separation based upon the husband's cruelty can the wife's lawyer sue the husband for the value of his services, and that, as the separation judgment here was granted for abandonment there was not vouchsafed the wife the necessary and contemplated " protection and support."   We think this view too narrow.   In so far as concerns the " support " of the wife, the judgment, although entered without opposition on the part of the husband, nearly doubled the amount which the proof showed the husband had theretofore been giving to his wife. In the *Horn Case (supra)* the attorney's services, a recovery for which was authorized by us, were wholly limited to his work in obtaining a modification of the judgment of separation so as to increase the amount of alimony.   It is manifest that were the limited application of the word " protection," sought to be applied by the appellant, to be the sole criterion of the right of recovery by the lawyer, the services rendered in obtaining an increase of alimony after judgment had nothing whatever to do with such " protection," as the judgment already rendered gave her that. Mr. Justice HIRSCHBERG, writing for a unanimous court (p. 336), said: " Legal services performed upon an application made pursuant to the legislative authorization after the entry of final judgment in an action for a separation, to obtain a proper increase of the amount of alimony fixed by said final judgment, or to prevent an improper reduction or revocation thereof, may be as necessary and proper for the protection and support of the wife in her marital rights still subsisting, as were the services performed in the action to obtain the judgment of separation and the first award of alimony."

No such distinction as appellant urges was made by the Court of Appeals in *Turner* v. *Woolworth* (221 N. Y. 425), where the services were rendered the wife in an action for separation brought on the ground of desertion. Plaintiff's defeat there was because the wife had applied for and obtained counsel fees in her suit; and it was held that such allowance by the Special Term was the measure of the husband's duty and liability. And the court (per CARDOZO, J., citing the *Naumer* and *Horn Cases, supra*) say: " We do not say that such relief [*i. e.*, the right of counsel to hold the husband on his common-law liability for necessaries furnished] would be denied if the wife had made no motion and obtained no order."

I advise that the judgment and order be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ.

Judgment and order unanimously affirmed, with costs.