Susie Bradley, Plaintiff, *v.* Claude Bradley, Defendant.

Supreme Court, Schoharie County, August 16, 1930.

*Francis L. Smith*, for the plaintiff.

*Leland C. Jones*, for the defendant.

McNamee, J. No serious charge involving moral turpitude is alleged by either of the parties hereto against the other; in fact, there is no charge except the one of abandonment urged by the plaintiff and the charge of nagging which the husband brings against his wife. There appears to be little or no evidence to support these allegations except that of the parties themselves. The papers would indicate that both of the parties are worthy and respected persons.

The law is settled in this State beyond dispute that a wife may not recover alimony pending the suit, or counsel fees, unless it appears from all the papers that there is reasonable probability that she will prevail on the trial. (*Rolnick* v. *Rolnick*, 223 App. Div. 772; *Cassese* v. *Cassese*, Id. 843; *Werner* v. *Werner*, 204 id. 791; *Schweig* v. *Schweig*, 122 id. 786.) The court has read all of the papers sympathetically, and examined them with care; and the conclusion is quite irresistible that the plaintiff has not a reasonable expectation of success on the trial. Accordingly, this motion must be denied.

In reaching this result the court feels urged to offer its kindly advice that these parties set aside their personal pride, and give and accept the mutual confidence that has marked their married lives until now. Those who have lived and striven and hoped and confided so long together, will find it difficult, if not impossible, to be happy or contented apart. Each of them is understood by the other one better perhaps than either of them will be ever understood by any one else. The charges and countercharges made here are not worthy of such good people. They are now coming to the mellow season of life, with their son and grandchildren to hope for and take pride in. These will keep old age from becoming cold and bleak and lonely; and the boy and the grandchildren have a God-given right to have the united love and devotion of parents and grandparents following them as long as these parties may live. Will not the parties hereto accept the urging of the Supreme Court, the heart and conscience of our State, and set aside their personal feelings, and renew the vows so solemnly and beautifully and hopefully taken in youth, to love and cherish and protect one another " until death do them part?"

The court calls upon the attorneys of record in this case to rise to the occasion, to rise to the high standard to which all ethical lawyers must ever be devoted, the saving of every decent home in which they have an influence. A reconciliation should be effected here that would be worthy of God-fearing lawyers and clients.