S. Charles Sheer and Another, Plaintiffs, *v.* Richard J. Foley, Defendant.

City Court of New York, New York County, November 9, 1932.

*Jac M. Wolff*, for the plaintiffs.

*William C. Stone*, for the defendant.

Schimmel, J.   Defendant's wife instituted an action against him for separation.   Her application for alimony and counsel fees *pendente lite* was ultimately denied; upon the trial, however, she prevailed and was awarded a decree of separation.   Plaintiffs herein, the attorneys for the wife in the separation action, bring this suit against the defendant for the reasonable value of the services rendered her therein upon the theory that such services were necessary for her protection and support.   In resisting a motion for summary judgment the defendant maintains, among other contentions which do not merit consideration, that services rendered the wife in a separation action, although terminating in her favor, are not necessaries, and that the disallowance of counsel fees by the Supreme Court is an adjudication barring the plaintiff's right to recovery herein.

A husband's common-law duty to his wife is to properly support and protect her.   When a wife is compelled to institute legal proceedings to compel the fulfillment of this obligation, the legal services rendered in her behalf are deemed just as necessary and urgent as are the physician's services in order to restore her to health.   That

services rendered by an attorney in a separation action are necessaries has been recognized in the leading case of *Naumer* v. *Gray* (28 App. Div. 529), wherein it was held that the reasonable value of such services are recoverable against the husband upon a showing that the suit was for the protection and support of the wife and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper. (*Elder* v. *Cochrane*, 209 App. Div. 665; *Posner* v. *Stone*, 182 N. Y. Supp. 564.) The decree of separation awarded the wife is now conclusive as to the justification for pursuing the remedy, and the husband becomes liable for the reasonable value of the legal services rendered in the action.

The defendant's claim that the denial of counsel fees *pendente lite* is *res adjudicata* is untenable. Section 1169 of the Civil Practice Act provides that: " In an action for divorce or separation, the court, in its discretion, during the pendency thereof, from time to time, may make and modify an order or orders requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action, * * * or for the support of the wife, having regard to the circumstances of the respective parties."

The discretion vested in the court can only be exercised if it is satisfied that there is reasonable probability that the wife will prevail on the trial. (*Cassese* v. *Cassese*, 223 App. Div. 843; *Bradley* v. *Bradley*, 138 Misc. 157.) In *Elder* v. *Rosenwasser* (238 N. Y. 427) the Special Term denied alimony *pendente lite;* the Court of Appeals held that the intermediate order of the Supreme Court refusing to allow alimony was not a final adjudication and did not fix or limit the husband's liability for the support of his wife; such an order was temporary only, issued in the discretion of the court pending litigation, and was not a final determination. Referring to section 1769 of the Code of Civil Procedure (now section 1169 of the Civil Practice Act), the court, in the *Elder* case (at p. 431) stated: " The wife was not obliged to resort to the court for support pending the action; to do so was discretionary with her. If she did not apply, the husband's common-law liability to provide her with the necessaries of life according to his station would still continue. * * * Likewise the court, if the wife did apply for alimony, was not obliged to make her an allowance pending the action. The very words of the statute make it discretionary."

The power to award counsel fees is regulated by the very section of the Civil Practice Act which authorizes the allowance of alimony. It follows as a logical corollary that the wife was not obliged, by preliminary motion, to resort to the court for counsel fees, nor was it incumbent on the court, upon such motion, to finally determine her right to counsel fees. In *Naumer* v. *Gray* (41 App. Div. 361)

the order allowing counsel fees had not been entered. The court held that the allowance of counsel fees *pendente lite* is not conclusive in an action by an attorney against the husband to recover the reasonable value of his services where it appeared that no order making such allowance had ever been entered. In *Horn* v. *Schmalholz* (150 App. Div. 333) it was held that the attorney's right to recover of the husband for services rendered the wife in a separation action was based upon the common law and was not dependent upon the statutory power of the Special Term to award counsel fees. But in *Turner* v. *Woolworth* (221 N. Y. 425) it was held that if the court had fixed the amount of counsel fees *pendente lite,* the husband's liability would then be admeasured by the amount of such award.

Synthesizing the cases cited herein, the general principle may be stated that, in a separation action wherein the wife is the successful party, the legal services rendered her are necessaries and a husband is liable therefor upon his common-law obligation, irrespective of any determination *pendente lite,* except where counsel fees were awarded by the court and the order therefor was filed, in which event the allowance fixed the husband's liability.

The defendant has failed to present any triable issues of fact. Summary judgment is accordingly directed against him, and an assessment to determine the reasonable value of the plaintiffs' services is herewith ordered. Order signed.