Leo Jiranek, Plaintiff, *v.* Alice Heald Jiranek, Defendant.

Supreme Court, Westchester County, January 22, 1943.

*Townley, Updike & Carter* for defendant.

*Warren W. Wells* for plaintiff.

Witschief, J.   The defendant wife in this action for an absolute divorce moves to dismiss the complaint under both rule 106

and rule 107, subdivision 5, of the Rules of Civil Practice. The inclusion in the complaint of allegations negativing procurement, forgiveness, cohabitation, et cetera, was proper. It was not necessary for the plaintiff to allege that no decree of divorce has been obtained by the defendant against the plaintiff (Civ. Prac. Act, § 1150), and still less necessary to allege the Nevada decree procured by the defendant. The Civil Practice Act, section 1150, provides that in addition to proving the material allegations of the complaint, the plaintiff must also prove that there is no judgment or decree in any court of the State of competent jurisdiction against him in favor of the defendant for a divorce on the ground of adultery. The Nevada decree was not by a court of this State and was not based on adultery. However, it is also alleged in the complaint that the plaintiff in this action did not appear in the Nevada action and that the Nevada court never acquired jurisdiction of the person of the plaintiff in this action or of the subject-matter of the action in the Nevada court. The findings of the Nevada court do not appear on the face of the complaint, nor does it appear on the face of the complaint that either the plaintiff or defendant in this action was domiciled in Nevada, or was a *bona fide* resident of Nevada when the action there was instituted or when the decree was made in that State. It does not appear on the face of the complaint, therefore, that the Nevada court was a court of competent jurisdiction. It follows that the motion to dismiss the complaint under rule 106 must be denied. On the motion to dismiss under rule 107, subdivision 5, affidavits and exhibits have been submitted from which it appears that in the Nevada action, brought by the defendant in this action, the court found that the plaintiff had been a resident of and domiciled in Nevada for more than six weeks preceding the decree; that the defendant in the Nevada action (plaintiff here) had treated the plaintiff (defendant here) with extreme cruelty, purely mental in character, and a decree of divorce was granted accordingly. The defendant claims that the decree of the Nevada court is entitled to full faith and credit here under the case of *Williams* v. *North Carolina* (317 U. S. 287), and that there is, therefore, an existing final judgment of a court of competent jurisdiction determining the same cause of action between the parties. Passing the question that the cause of action is the same, which it is not, the opposing affidavits raise an issue of fact as to the *bona fides* of the residence or domicile of the defendant in Nevada when she applied there for a divorce. In *Williams* v. *North Carolina* (*supra*) the Nevada court found that both Williams and Hendrix were *bona fide* and continuous

residents of Nevada, and in the criminal proceeding against them in North Carolina the State admitted that there was sufficient evidence in the record to require that both Williams and Hendrix be considered to have been actually domiciled in Nevada. The United States Supreme Court, therefore, held that it did not reach that issue and was not deciding it. When a judgment rendered in one State is challenged in another, want of jurisdiction over either the person or the subject-matter is open to inquiry. (*Milliken* v. *Meyer,* 311 U. S. 457.) The nature of the federal union of states, to which are reserved some of the attributes of sovereignty, precludes resort to the full faith and credit clause of the Federal Constitution to compel one State to subordinate its own laws and policy concerning its domestic affairs to the laws and policy of other States. (*Pink* v. *A. A. A. Highway Express,* 314 U. S. 201.) Unfortunately, the Legislature in New York has not stated the public policy of the State regarding foreign divorces as Massachusetts has. (*Glaser* v. *Glaser,* 276 N. Y. 296.) The United States Supreme Court did not hold in *Williams* v. *North Carolina* (*supra*) that the *bona fides* of the residence or domicile in Nevada of the plaintiff in the Nevada action could not be challenged in this State because of the full faith and credit clause of the Federal Constitution.

The welfare and safety of the people of this State forbid that the courts of this State be precluded from questioning the jurisdiction of the courts of another State to dissolve the marriage of residents of this State on the application of one of such residents and for a cause not recognized here as sufficient for that purpose.