JOICE M. GIBSON, Plaintiff, *v.* WALTER C. GIBSON, Defendant.

Supreme Court, Special Term, Queens County, March 5, 1943.

*Louis Cohen* for plaintiff.

*George G. Lake* for defendant.

RUBENSTEIN, J. After trial the plaintiff herein was, on March 30, 1938, granted a judgment of separation from the defendant. The latter, in the early part of March, 1940, commenced in the State of Florida an action for divorce against this plaintiff who was then, as she is now, a resident of the State of New York. She was served by publication and failed to appear. On April 2, 1940, a divorce decree was granted against her. After the Supreme Court of the United States had rendered its decision in *Williams* v. *North Carolina* (317 U. S. 287), the defendant commenced an action in the Supreme Court, New York County, against the plaintiff herein. There, he prays for judgment declaring that his Florida divorce is entitled to be given full faith and credit in this State; that it be made a decree of this court; and that provision be made for the custody and support of the infant child of the parties. In order to defend that action, plaintiff has been obliged to retain the services of an attorney and has now moved in this action where she obtained her decree of separation, for an allowance of counsel fee.

The defendant herein opposes the motion upon two grounds principally: (1) that plaintiff has no defense to the action in light of the recent decision of the Supreme Court above referred to, and (2) that the court has no jurisdiction to entertain the application upon the ground that it has been made in an action which has been terminated by the entry of a final judgment and that "under Section 1169 of the Civil Practice Act, the right to grant a counsel fee in an action, exists only during the pendency of an action."

It will serve no useful purpose to enter at this time upon an extended discussion of the possible effect that the Florida decree may have had upon the relations of the parties as established in the judgment of separation theretofore entered in this court. Suffice it to say that the recent decision of the Supreme Court " did not eliminate domicile as a foundation for jurisdiction " (*Matter of Bingham,* 265 App. Div. 463), and the question of the defendant's domicile in the State of Florida at the time he obtained his divorce is certainly one of the issues presented in the action which he has now instituted in another county. (See, also, *McCarthy* v. *McCarthy,* 179 Misc. 623; *Jiranek* v. *Jiranek,* 179 Misc. 502.)

In any event, it is clear that by this new action the defendant seeks to establish, through a foreign judgment of divorce predicated upon a ground other than adultery, the *destruction* of the marital status of the parties established by the decree of this court theretofore made and entered. Surely the defendant there

has a defense to such an action.   (Cf. *Kiebler* v. *Kiebler,* 170 Misc. 81.)

The second ground of objection contains two elements: (1) Is the plaintiff entitled to have the defendant pay for her legal expenses in this type of action, and (2) if she is, may such expenses be summarily granted in the instant action rather than to relegate her attorney to an action at law?

" The doctrine seems well established in this State that legal services rendered to a wife for her protection, even though she is separated from her husband, are necessaries for which the attorney may recover [citations]."   (*Goldberg* v. *Keller,* 236 App. Div. 541.)

In *Horn* v. *Schmalholz* (150 App. Div. 333), it was held that an attorney for a wife, after a final decree of separation in her favor, who renders services for her by obtaining an increase in the amount of alimony allowed, may recover the value of his services from the husband.   The decision was based upon the ground that the final judgment of separation did not terminate the marital relations and the services rendered in obtaining the increase were for the protection and support of the wife in her subsisting marital rights.

In *McLaughlin* v. *McCanliss* (146 Misc. 518, affd. 240 App. Div. 964), an attorney for a wife recovered for legal services rendered to her in successfully defending a habeas corpus proceeding brought against her by the husband for the purpose of obtaining the custody of the only child of the marriage.

In *Elder* v. *Rosenwasser* (238 N. Y. 427), an attorney, who had defended the defendant's wife in an action for libel and in a criminal proceeding wherein she was charged with assault and grand larceny, was allowed to recover from the husband the reasonable value of such services.

In view of the foregoing authorities there can be little question that the services rendered and to be rendered by plaintiff's attorney in defending her in the action brought by the defendant, which has for its purpose the complete nullification of the decree of separation in her favor and of the status therein established, fall within the category of services which may be classified as necessaries for which a husband is liable.

The only question remaining then is whether a wife in the position of the plaintiff may obtain the necessary funds to defend herself by applying therefor in the action whose judgment she must defend, or must she either use her own funds to defray such expenses and then seek reimbursement, or obtain an attorney willing to render services with a view of subsequently

establishing the husband's liability therefor in a court of law.

In *Elder* v. *Rosenwasser* (*supra*), the court indicated that the wife could have obtained an allowance for attorney's services by an application to modify an order granting her *temporary* counsel fee in a pending matrimonial action. Said the court (p. 432): "Even though Mrs. Rosenwasser might have applied to the Supreme Court for a modification of the order of June 28, 1920, making her an allowance for lawyer's services in the criminal action and in the libel suit, yet she was not obliged to do so. In the absence of any allowance to her, she could rely upon her common-law right."

Merely because the judgment of separation was *final* and fixed the alimony which the defendant was obliged to pay does not, under the circumstances here presented, change the situation. Should the husband succeed in the action pending in New York County, the status of husband and wife will come to an end as will the support directed to be paid to the wife in the decree of separation. In fixing the alimony in said decree, it could not have been contemplated that the sum thus fixed would include the wife's legal expense of defending an action such as the defendant has now instituted and, therefore, the sum thus fixed cannot constitute the complete measure of the defendant's liability for his wife's necessaries. Any other result would mean that a defendant could, by his deliberate act of bringing an action such as is here involved, compel his wife to divert for legal expenses moneys which were intended primarily for her support and the support of their child.

I am also of the opinion that under section 1170 of the Civil Practice Act this court is authorized at any time after final judgment in a matrimonial action to modify the judgment so as to direct the husband to pay to the wife the legal expense of defending it. The case of *Fox* v. *Fox* (263 N. Y. 68) lends support to that view. There, in an action for divorce, the Court of Appeals held that Special Term had jurisdiction to make an allowance for counsel fees and printing expenses to a wife where the husband had, after final judgment, moved for a reduction of alimony and appealed from the order denying his motion. There, the court stated (p. 70): "The effect of the statute is to write a reservation into every final judgment of divorce. The jurisdiction of the court over the parties and over the incidental subject-matter is prolonged; and to that extent the action may be said to be pending within the meaning and intent of section 1169 of the Civil Practice Act."

In the light of the foregoing, it would seem to me that Special Term has jurisdiction to grant an allowance to defend the very existence of a judgment in a matrimonial action, particularly one in separation, notwithstanding the fact that it is in another separate action that defendant seeks to render such judgment null and void.

Plaintiff's motion is, therefore, granted and a counsel fee of $150 is allowed, payable within twenty days after service of an order herein.