Van Voorhis, J.
This is an action for separation by wife against husband on the legal grounds of cruel and inhuman treatment and abandonment. Sufficient probability of success has been shown to warrant granting the motion unless it should be denied, as the defendant contends, on account of the wife’s possessing independent means. The husband’s answering affidavit states that he has a gross base salary of $750 per month, which would amount to $9,000 a year. The deductions withheld by his employer, including Federal income tax and excluding war bond purchases, amount to $164.40 on a monthly basis, or $1,972.80 for the year. That leaves a net monthly salary at the rate of $585.60 and a net annual salary of $7,027.20. The wife admits receiving an annual income of her own of approximately $300 in dividends and interest on securities not purchased with her husband’s ' money, and of $295.58 from her coal mining royalties which terminate in 1947. She, therefore, has current receipts from her own property of about $600 per year or $50 per month. The husband’s affidavit says that the market value of her securities is between $10,000 and $12,000 which is not disputed. There are two children, both boys, aged 14 and 8, who are living with their mother in a home owned by the parties as tenants by the entirety on which the husband is paying the interest and taxes. It is assumed that he will continue to do this and that the wife and children will continue to have the use of this house during the pendency of the action. If that does not occur and the wife is obliged to provide housing, an application can be made to increase the temporary alimony. The wife states that the living expenses for herself and the two children, exclusive of the use and occupation of the house, have ranged between $143.13 and $290.12 per month. The husband states that he has securities of a market value of about $625 plus $300 in war bonds but that except for these items and his salary he has no property, estate or source of income.
Under these circumstances, how shall the questions of counsel fee and temporary alimony be dealt with? What are the rules laid down by the courts pertaining to them? So far as the subject of alimony is concerned, it is the duty of a husband to support his wife according to his means and to their station in life. If, with the aid of her funds, they have been living beyond what he alone could afford, then, in event of a separation, he should not be required to support her on that basis wholly out of his own income of property. Her income must be taken into considera *967 tion in setting the amount of the alimony. The courts in some States have held that she is not to be obliged to invade her principal for this purpose (15 A. L. E. 788) although this is by no means an invariable rule. In this action the court will allow her $200 per month in alimony pendente lite on condition that she has also the free use of the house for herself and the children. This, together with the $50 per month of her own, should enable them to live as befits them.
The question whether a wife must resort to her own funds in order to present a valid defense in a matrimonial action brought by her husband or to prosecute a meritorious cause of action against him is not always clear. The following decisions indicate that counsel fees for legal services performed in the prosecution of a meritorious cause of action by the wife for separation are “ necessaries.” (Naumer v. Gray, 41 App. Div. 361; Krull v. Caldwell, 259 App. Div. 1049; Goldberg v. Keller, 236 App. Div. 541; Gibson v. Gibson, 179 Misc. 661, 663; Sheer v. Foley, 145 Misc. 819.) In the Sheer case (145 Misc. 819, supra) the court said: “ A husband’s common-law duty to his wife is to properly support and protect her. When a wife is compelled to institute legal proceedings to compel the fulfillment of this obligation, the legal services rendered in her behalf are deemed just as necessary and urgent as are the physician’s services in order to restore her to health.”
Being liable to provide his wife with the necessities of life according to his ability regardless of her separate property or income, a husband becomes liable to pay a reasonable sum not in excess of his ability to pay, to defray or to apply upon her legal expenses in prosecuting a separation action which he, by his conduct, has rendered necessary. The fact that she has means of her own does not exempt him from that duty. If she desires to spend more for suit money than he is able to afford for her, she must resort to her own property to make up the difference.
Whether under similar circumstances the husband would be liable to pay a counsel fee in an action against him for divorce may be open to question. (Lake v. Lake, 194 N. Y. 179; but see Mayper v. Harlan, 125 Misc. 123.) A divorce has been held not to be a necessary as in the case of a separation. (Naumer v. Gray, 28 App. Div. 529, cited with approval in Lanyon’s Detective Agency v. Cochrane, 240 N. Y. 274, and Dravecka v. Richard, 267 N. Y. 180,182.) That point need not be decided here.
Defendant is directed to pay $500 additional to the alimony pendente lite by way of counsel fee.