Peck, P. J.
Plaintiff, an attorney, brought this action to recover the reasonable value of legal services rendered to defendant’s wife in a separation action, in which the complaint was dismissed on the merits after trial and defendant was granted a separation on his counterclaim. The trial court in the marital litigation found that the separation was entirely voluntary on the wife’s part and not through any fault of defendant and that the wife had willfully abandoned defendant without any justification.
No application was made for a counsel fee pendente lite, but an application for temporary alimony was denied.
Plaintiff now claims that despite the adjudication on the merits between the parties to the separation action he may maintain an independent action for the value of his services upon a showing that he acted in good faith and on a reasonable probability of success. This position is taken on the assumption that the same standard of judgment should apply to an action for legal services after the determination of the marital litigation as applies to applications for counsel fees pendente lite, and that a determination against the wife after trial on the merits is not an adjudication of her rights or her counsel’s rights to counsel fees in the litigation. We think the assumption is not supportable.
While an application may be made pendente lite in the marital action, and only a reasonable probability of success in the action need be shown and failure or success at the trial does not affect the allowance made, it does not follow that the same rule should apply after trial. The rule before trial is one of practical necessity to meet the exigencies which may then exist of a wife with a meritorious claim and inadequate means to enforce it. Legal services under the circumstances are a necessary for which the husband should pay on the basis of the showing then made.
After trial, however, there is no occasion for weighing probabilities or relying on preliminary showings. A determination has then been made on a full showing, which determines not *385 only the rights of the parties as between themselves but also such incidental derivative rights as tradesmen or others may claim for providing the wife with necessaries. That the judgment must have that scope and effect follows from the legal concept on which such claims are based, i.e., that a husband is liable for the necessaries of his wife while she is living apart from him due to his fault. His fault and her right to a separate living are the issues in any action for necessaries, whether the action is brought by the wife or by the supplier of the alleged necessaries (Constable v. Rosener, 82 App. Div. 155, affd. 178 N. Y. 587; McDermott v. Books, 128 Misc. 17, affd. 218 App. Div. 849). When those issues have once been determined in an action between the principals, the determination is res judicata not only of the wife’s claims, but also of the cognate claims of her creditors.
Legal services rendered to the wife in the marital litigation fall in the same category as any other necessary, and the husband’s liability therefor is determined by the same standard of judgment as his liability for other necessaries (Naumer v. Gray, 28 App. Div. 529; Elder v. Rosenwasser, 238 N. Y. 427; Klein v. Dula, 217 App. Div. 473). If the wife is successful in her suit and it has been determined that she is entitled at her husband’s fault to live apart from him at his expense, the legal services involved were a demonstrated necessary for which the husband is liable (Elder v. Cochrane, 209 App. Div. 665; Sheer v. Foley 145 Misc. 819). Likewise, if the wife is unsuccessful and it is established, as here, that her living apart from her husband was voluntary and amounted to an abandonment of him, the husband is not liable for her separate maintenance, and therefore legal services incurred by the wife in the action were not a necessary for which the husband should be held liable (McDermott v. Books, supra).
The wife’s attorney is in privity with her and he has no rights which are not derived through her, stemming as they do from the husband’s obligation to supply the wife with necessaries. If the application for counsel fees is made in advance of trial it is made by the wife in her suit. While an independent action may be maintained by the attorney after a successful prosecution of the wife’s suit, that is only because the result in the wife’s suit has established her right to counsel fees and the consequent right of the attorney to be paid by the husband. Just as the wife could not maintain an action for counsel fees after the determination of the merits of the principal litigation *386 against her (Pearson v. Pearson, 230 N. Y. 141) her attorney may not do so in his own right or claim for himself any different consideration, or standard of determining his right to compensation. To hold that the attorney or any tradesman could require a retrial of the marital litigation on a lesser standard of judgment, viz., whether there was reasonable grounds for bringing an action which demonstrably fell short of a carrying conviction to the trier of the facts, would be to duplicate or multiply actions on an illusive issue.
As the wife, and consequently her counsel, have the choice of taking their chance on a showing made before trial or awaiting the showing made at the trial, we think the only fair or sensible rule, or one consonant with legal principles, is that the right to counsel fees after suit must depend on the result in the litigation in chief.
The order denying defendant’s motion for summary judgment should be reversed, with costs to the appellant and the motion granted.
Glennon, Dore, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted and judgment directed to be entered dismissing the complaint herein, with costs.