MARIANA VILLASENOR, Plaintiff, *v.* JOSEPH E. VILLASENOR, Defendant.

Supreme Court, Special Term, Albany County, November 17, 1951.

*Joseph J. Mailloux* for plaintiff.

*Edward M. Segal* for defendant.

HAMM, J. This is a motion for alimony and counsel fee in an action for an annulment.

The grounds alleged for annulment are two, monetary and religious.

The plaintiff and the defendant were married August 11, 1942. The issue of the marriage are two daughters, one eight years of age and the other five years of age.

The plaintiff and defendant are both Roman Catholics. Before the marriage the defendant told the plaintiff that he had been previously married and that the marriage had been dissolved. The defendant's first and former wife was not a communicant of the Roman Catholic Church and the marriage ceremony was not performed by a priest of the Roman Catholic Church. The plaintiff complains she was defrauded because the defendant stated to her prior to their marriage that his previous marriage had been dissolved by annulment rather than by divorce. The plaintiff states in her affidavit that on August 7, 1951, she first ascertained that her husband's prior marriage had been dissolved by divorce rather than by annulment and that she secured this information by obtaining a certified copy of the final judgment of divorce. As the previous marriage was without legitimate status according to the canons or rules of the Roman Catholic Church it would appear that the misrepresentation is of the most doubtful materiality. It has been held by the Court of Appeals that an action for the annulment of a marriage is governed by the same essential requirements as any other action in fraud to set aside a contract. (*di Lorenzo* v. *di Lorenzo,* 174 N. Y. 467.) So it is required that the defendant's misrepresentation must have been material. (*Griffin* v. *Griffin,* 122 Misc. 837 affd. 209 App. Div. 883.)

Moreover, at the time their marriage was solemnized both the plaintiff and the defendant appeared before a Roman Catholic priest with full knowledge on the part of the plaintiff that the defendant had been previously married. Nonetheless, the plaintiff made no disclosure whatever to the clergyman and addressed to him no inquiry as to her future status as a communicant of the church. This is the more significant because the plaintiff, although she remained mute, now complains as to the defendant " that it was necessary for him to so inform the priest who was to officiate at the marriage ". The alleged misrepresentation was not peculiarly within the knowledge of the defendant for he had disclosed to the plaintiff that his previous marriage had been dissolved. Moreover, the procedure followed to obtain the dissolution was a matter of public record, which was readily available to the plaintiff and to which the plaintiff in 1951 finally had recourse. It is doubtful that the plaintiff, having failed to exercise ordinary diligence, now may be heard to complain. (*Kaston* v. *Zimmerman,* 192 App. Div. 511, 517.)

As to the second alleged misrepresentation, which is financial, the plaintiff says that the defendant told her that he had a large income and that she would not be required to work except

for the performance of her domestic duties. She alleges that the fact was otherwise and that she has been required to work continuously from the time of her marriage. As the older child of the marriage is eight years of age and the younger child is five years old, it seems apparent that, if such a misrepresentation was made, the plaintiff continued to live with and cohabit with the defendant long after the discovery of the fraud alleged.

The plaintiff fails to demonstrate reasonable probability of success.

" The law is settled in this State beyond dispute that a wife may not recover alimony pending the suit, or counsel fees, unless it appears from all the papers that there is reasonable probability that she will prevail on the trial. (*Rolnick* v. *Rolnick*, 223 App. Div. 772; *Cassese* v. *Cassese*, Id. 843; *Werner* v. *Werner*, 204 Id. 791; *Schweig* v. *Schweig*, 122 Id. 786.)" (*Bradley* v. *Bradley*, 138 Misc. 157, 158 [3d judicial dist.].)

The plaintiff, however, has a right to continue her action and, in the event she is successful, her attorney should be compensated for services rendered. The motion for counsel fees is therefore referred to the court before which the action is tried. The motion for temporary alimony is denied.

The plaintiff may have valid grounds for separation. Nothing herein contained shall be deemed prejudicial to the plaintiff's applying for maintenance of herself and children in an appropriate proceeding or by application to Children's Court.

An order may be submitted accordingly.