## (May 10, 1960)

■ NATHANIEL M. GALLIN, Appellant, v. WILLIAM F. STAFFORD, JR., Respondent.— Order of the Appellate Term and judgment of the City Court reversed on the law, without costs; and judgment directed for the plaintiff upon an assessment of damages to be made in the City Court. Plaintiff sues defendant for legal services to the defendant's wife as necessaries in a successful application by the wife in 1957 to modify in her favor a judgment of separation entered in 1947 and for successful opposition to a cross application by defendant to modify the judgment in his favor. No application was made by the wife for counsel fees in these applications which were determined after a hearing before an Official Referee. In these circumstances we consider that we are constrained to follow the decision in *Horn* v. *Schmalholz* (150 App. Div. 333), which is in point, which has not been overruled and which has been cited by the Court of Appeals. The institution of a separate action by a lawyer against a husband rather than proceeding on application to the court for counsel fees in the matrimonial action was criticized sharply in *Handelman* v. *Peabody* (285 App. Div. 689), but the *Horn* rule was not disavowed. The decision in *Dravecka* v. *Richard* (267 N. Y. 180) turned upon the wife's application for counsel fees in currently pending matrimonial litigation; and *Turner* v. *Woolworth* (221 N. Y. 425) rested upon another point and cited, but did not disapprove, *Horn* v. *Schmalholz*. Concur — Botein, P. J., Rabin, McNally and Bergan, JJ.; Valente, J. dissents and votes to affirm in the following memorandum: The determination of the Appellate Term is being reversed solely upon the ground that *Horn* v. *Schmalholz* (150 App. Div. 333) a case decided in another Department in 1912, commands adherence. The reason and expediency of the rule announced in *Horn* v. *Schmalholz* is not re-examined. In fact, it is admitted that the result arrived at runs counter to the expressed policy of this court as announced in *Handelman* v. *Peabody* (285 App. Div. 689, 690, motion for reargument denied 286 App. Div. 808) that " A subsequent separate and independent action is not as appropriate or convenient a means of passing upon the value of legal services and is unnecessarily duplicative ". Certainly that view of what is right should prevail over an antiquated precedent. *Stare decisis* must give way under such circumstances. The proliferation of matrimonial causes in the courts in the span of almost 50 years since *Horn* v. *Schmalholz* was decided, and the judicial problems engendered by that rapid increase, call for a rejection of the holding in that case. Since sections 1169 and 1170 of the Civil Practice Act afford an adequate method for obtaining counsel fees upon an application to modify a judgment of separation, attorneys should be restricted to that remedy and not be permitted to maintain independent actions for fees. The court in which the matrimonial action or the post-judgment proceeding is pending is the appropriate place to have the question of the allowance of counsel fees determined. That is particularly true in the instant case

where the separation action, the judgment obtained thereon, and all the post-judgment applications were in the Nassau County Supreme Court. Therefore, I dissent, and would affirm the determination of the Appellate Term. [18 Misc 2d 786.]