*325 OPINION OF THE COURT
Herman Cahn, J.
Defendants Charles Rayder and Lynn Chandler Rayder move for summary judgment dismissing plaintiffs first, second and third causes of action pursuant to CPLR 3212. Defendants also seek sanctions pursuant to 22 NYCRR 130-1.1 (c) and attorney’s fees.
This action arises out of an agreement dated February 3, 1992 between defendant Francesca Ryder (Francesca), a model, who at the time the agreement was executed was a minor, and plaintiff Metropolitan Model Agency USA, Inc. (Metropolitan) and nonparty Michelle Pommier Models, Inc. (MPM). Simultaneously, with the execution of the agreement, a guarantee of performance and obligations of minor (guarantee) was entered into on February 3, 1992 between Charles Rayder and Lynn Chandler Rayder, Francesca’s parents (collectively referred to as parents), and Metropolitan and MPM.
The agreement between Francesca and Metropolitan appointed Metropolitan and MPM as Francesca’s exclusive "representatives, business agents and personal managers, worldwide”, for which services they were to be paid 20% of the gross consideration received by Francesca (fflf 3 and 7 of agreement).
The relationship between the parties was to be governed by the "laws of Florida if suit is brought in Florida, or of the laws of New York, if suit is brought in New York” (fl 8 of agreement). The agreement was signed by Francesca and her parents, although the parents are not otherwise referred to in the body of the agreement.
An addendum to letter agreement between agencies and model (Addendum) dated January 28, 1992, whose terms were incorporated by reference into the agreement, provided that Francesca would reexecute the agreement and Addendum upon reaching the age of majority.
The guarantee executed by Francesca’s parents provided in relevant part that:
"The undersigned parent(s) * * * jointly and severally, hereby unconditionally guarantee the full and timely discharge of all of said minor’s obligations to you under said agreement.
"We further acknowledge and agree that in the event our minor child disavows her agreement with you or fails to perform as agreed, we shall be liable to you for any money damages sustained by you for which our minor child would be *326 liable if she were an adult and said agreement * * * were fully enforceable against her * * * We agree that this guarantee shall be construed and governed in accordance with the laws of the state of Florida.”
Francesca was born on January 26, 1975. She was 17, a minor, when she signed the agreement. Francesca turned 18, the age of majority under both New York and Florida law, on January 26, 1993. Francesca did not reexecute the agreement upon reaching the age of majority.
On August 9, 1993 Metropolitan received a letter from Francesca on the letterhead of defendant Elite Model Management Corporation (Elite), notifying Metropolitan that Elite, and not Metropolitan, was now representing Francesca. The three-year term under the agreement between Francesca and Metropolitan was to have ended January 31, 1995.
Metropolitan asserts in its first cause of action that the parents breached the agreement since the agreement required Francesca to use Metropolitan as her exclusive agency. Metropolitan asserts in its second cause of action that the parents breached the guarantee which unconditionally guaranteed the discharge of all their minor child’s obligations and made them liable for damages sustained by Metropolitan, should Francesca fail to perform the agreement. Metropolitan asserts in its third cause of action that pursuant to the agreement and guarantee, the parents indemnified Metropolitan for all claims including reasonable attorney’s fees in connection with any violation of the agreement.
Arts and Cultural Affairs Law § 35.05 provides in pertinent part:
"1. It shall be unlawful to employ * * * a minor as a model unless:
"(a) A child model work permit has been issued as hereinafter provided; and
"(b) Such employment, use or exhibition is in accordance with the rules and regulations promulgated by the Commissioner of Education as hereinafter provided.”
Though this court has not found any decisions that interpret Arts and Cultural Affairs Law § 35.05, it is well-settled law that a contract which violates a State statute is void and unenforceable. (New York State Med. Transporters Assn. v Perales, 77 NY2d 126, 133; Weir Metro Ambu-Serv. v Turner, 57 NY2d 911; Village of Upper Nyack v Christian & Missionary Alliance, 143 Misc 2d 414, affd 155 AD2d 530.)
*327 Although plaintiff need not obtain prior approval of every contract entered into for modeling services (see, Shields v Gross, 58 NY2d 338), Arts and Cultural Affairs Law § 35.05 renders the entire agreement between Francesca and Metropolitan void. There is no assertion made or any document offered by Metropolitan which indicates that the requisite child model work permit was obtained and that the employment was in accordance with the rules promulgated by the Commissioner of Education. Therefore the agreement was unlawful pursuant to Arts and Cultural Affairs Law § 35.05 and this court will not enforce the agreement.
New York has had a public policy of protecting minors from their own improvidence. (See, Sternlieb v Normandie Natl. Sec. Corp., 263 NY 245, 250.) To this end, the State has enacted numerous statutes to ensure that minors will not be exploited by adults. (See, e.g., Education Law § 3215 [unlawful, unless otherwise permitted by law, to employ a minor who does not present an employment certificate]; Labor Law § 142 [limiting the hours a minor, under 16, may be employed while school is in session].)
In view of this public policy, the court also finds the guarantee between Metropolitan and the parents is void since the guarantee was an attempt to circumvent the requirements of Arts and Cultural Affairs Law § 35.05. Metropolitan’s procurement of a guarantee from the parents governed by the law of Florida, that obligated them, to assure their minor daughter’s performance under the agreement, was a means Metropolitan used to insure that it would not suffer money damages should the agreement be declared void under Arts and Cultural Affairs Law § 35.05. However, it also effectively puts substantial pressure on the parents to urge their daughter to comply with an agreement she entered into as a minor, even if that agreement is not otherwise enforceable. The court will not permit plaintiffs to collect damages under the guarantee since to do so would effectively avoid the State’s public policy of protecting minors. Although New York courts would ordinarily apply the law of a sister State as provided for in the contract and give full faith and credit to such law, New York courts will not apply the law of a sister State when to do so would violate our public policy. (See, e.g., RCA v Tucker, 696 F Supp 845; Jiranek v Jiranek, 179 Misc 502.)
Plaintiff’s third cause of action for an award of monetary damages and expenses as a result of defendants’ breach of the agreement and guarantee is without merit as the court finds both the agreement and guarantee to be void.
*328 Defendants are not entitled to reasonable attorney’s fees and costs pursuant to the guarantee as the entire guarantee is void.
Defendants’ request for sanctions pursuant to 22 NYCRR 130-1.1 (c) is denied as plaintiffs action does not rise to the level of frivolous conduct as defined in 22 NYCRR 130-1.1 (c).
Accordingly, defendants’ motion to dismiss the first, second and third causes of action is granted. Defendants’ motion for award of attorney’s fees and sanctions against plaintiff is denied.
The only surviving cause of action is pleaded only against Elite, and therefore the action is dismissed as to the other defendants.